# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| NICHOLAS THOMPSON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | JURY DEMAND (6) |
| and TYRONE FOXWORTH, | ) | |
| | ) | |
|     Defendants. | ) | |

___

# COMPLAINT
___

Comes the Plaintiff, Nicholas Thompson, by and through counsel, and files this lawsuit against the Defendants, United Parcel Service, Inc. and Tyrone Foxworth, individually, on behalf of Plaintiff and all others similarly-situated, pursuant to § 216(b) of the Fair Labor Standards Act (FLSA), and for his cause of action states as follows:

## I. INTRODUCTION

1. Plaintiff brings this action against United Parcel Service, Inc. ("UPS") and Tyrone Foxworth, individually, pursuant to the collective action provision of the FLSA found at § 216(b), for legal relief to address unlawful violations of Plaintiff's rights under the FLSA, which have deprived Plaintiff, as well as others similarly-situated to Plaintiff, of their lawful wages. This suit is brought on behalf of Plaintiff and all others similarly-situated, pursuant to § 216(B) of the FLSA.

2. This action is specifically brought to recover unpaid wages and unpaid overtime compensation owed to Plaintiff and all current and future UPS employees in Davidson County, Tennessee who are similarly-situated to Plaintiff. Plaintiff in the collective group similarly-situated to Plaintiff are, or have been, employed by UPS as workers providing labor and performing services at UPS Distribution Centers in Davidson County, Tennessee within the three-year period prior to filing this Complaint.

3. During the three-year. Prior to the filing of this Complaint through the present, Defendants have and continue to commit FLSA violations by requiring certain of their non-exempt employees to routinely work more than eight hours per day without payment of overtime compensation. In fact, Plaintiff and similarly-situated UPS employees have often not been paid any wage for work in excess of forty hours per week.

4. Plaintiff and all similarly-situated employees who elect to participate in this action seek unpaid minimum wages and overtime compensation, an equal amount of liquidated damages, attorneys-fees, and costs pursuant to 29 U.S.C. § 216(b).

## II. PARTIES, JURISDICTION & VENUE

5. Plaintiff is a citizen and resident of Davidson County, Tennessee.

6. UPS is an Ohio Corporation that conducts business across the United States and the world, including in Davidson County, Tennessee, where UPS has at least two Distribution Centers. Plaintiff was employed at one of these Distribution Centers from August 27, 2016 until December 5, 2018.

7. Defendant Tyrone Foxworth is, on information and belief, a citizen and resident of Davidson County, Tennessee.

8. This is an action brought under a federal statute. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(c).

### III. FACTS

10. During his employment with UPS, Plaintiff worked as an hourly paid, non-exempt employee. Defendant was paid hourly based on an annual salary of $22,093.

11. Plaintiff began work as a package handler with UPS in August 2016. In August 2016, Plaintiff became a part-time supervisor. Plaintiff remained a part-time supervisor until he was forced to quit UPS in December 2018. In the Spring of 2017, Plaintiff began fulfilling the role of a full-time supervisor, although he was still officially designated as part-time supervisor. A part-time supervisor, according to UPS, is not supposed to work more than 27.5 hours per week, unless instructed otherwise by his manager. Plaintiff often worked 60 hours per week or more.

12. Beginning in August 2018, Plaintiff was supervised by Mr. Foxworth. Mr. Foxworth was at all times acting directly or indirectly in the interest of Plaintiff's employer, UPS. Throughout the recovery period applicable to this action, Mr. Foxworth directed and controlled the work of Plaintiff and some of the similarly-situated employees, and directly

implemented the policy of not paying minimum wages or overtime pay to Plaintiff and similarly-situated employees.

13. Mr. Foxworth and other upper-level supervisors at the Nashville Distribution Centers are evaluated based on their ability to run their operations within certain budgets. Mr. Foxworth met these budget expectations by taking time from Plaintiff, other lower-level supervisors, and package handlers. These workers were simply not paid by UPS for all the hours they worked, at Mr. Foxworth's direction. Although Plaintiff almost always worked more than ten hours in a shift, Mr. Foxworth told Plaintiff that he was never to log more than nine hours in any one shift. Mr. Foxworth repeatedly told Plaintiff and other lower-level supervisors that if they went over a certain amount of time, ranging from 30-45 hours per week, they were to transfer the extra time to a later date so that they would not have to be paid overtime. However, there was never any subsequent date to which Plaintiff could transfer the excess time, as Plaintiff worked more than ten hours on virtually every shift, as ordered by Mr. Foxworth.

14. Throughout his employment at UPS, Plaintiff worked hundreds of hours for which he should have been paid overtime but was not. In fact, Plaintiff was paid nothing for these hours.

15. The excessive unpaid hours that Mr. Thompson was working and the unethical business practices that Mr. Foxworth forced upon him created a tremendous amount of stress, which ultimately culminated in a stress-induced panic attack in November 2018. Plaintiff subsequently provided UPS with two weeks-notice of his resignation, but Mr. Foxworth talked Plaintiff back into returning, hinting that he would promote him by

Thanksgiving. When the promotion did not materialize, Plaintiff resigned his position. Simultaneously, Plaintiff filed a complaint with corporate regarding the multiple FLSA violations. Instead of disciplining Mr. Foxworth, UPS promoted him to district manager.

16. Upon Plaintiff's resignation, Mr. Foxworth instructed the human resources department to classify Plaintiff as "terminated by security." On information and belief, this false and defamatory statement has been repeated to multiple potential employers of Plaintiff, and has caused him to lose multiple job opportunities over the past year.

17. There are numerous other similarly-situated present and former employees of UPS who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present action. Those similarly-situated employees are known to Defendants and are readily identifiable and locatable through UPS' records. Specifically, all current and former hourly employees should be notified who, during the three years preceding the filing of this Complaint, up through and including the date of this Court's issuance of a court-supervised notice, have been "suffered or permitted to work" for UPS without receiving their proper and lawful minimum and/or overtime wages.

### III. CAUSES OF ACTION

### COUNT ONE

18. Plaintiff hereby incorporates all preceding allegations.

19. Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA by endeavoring to prevent the proper compensation of Plaintiff and other present and former similarly-situated employees.

20. Defendants have made no good-faith effort to comply with the FLSA with respect to the compensation of Plaintiff and other similarly-situated employees. Instead of properly investigating and punishing Mr. Foxworth for his blatant, intentional, and widespread violations of the FLSA, UPS has promoted him.

21. As a result of Defendants' actions, Plaintiff and others similarly-situated have suffered damages by failing to receive their lawful minimum and overtime wages as required by §§ 206-207 of the FLSA. Plaintiff and all others similarly-situated are entitled to recover all such amounts, in addition to liquidated damages, interest, attorneys fees and costs.

22. Plaintiff's consent to be a party to this action, as required by 29 U.S.C. § 216(b), is attached as <u>Exhibit 1</u>.

## COUNT TWO

## DEFAMATION

23. Plaintiff hereby incorporates all preceding allegations.

24. Defendants have told prospective employers of Plaintiff that Plaintiff was "terminated by security." This is a false and defamatory statement.

25. As a result of Defendant's false and defamatory statements, Plaintiff has suffered damages, including the loss of employment and harm to his reputation.

## IV.  PRAYER FOR RELIEF

Premises considered, Plaintiff respectfully requests the Court to grant the following relief:

a. Empanel a jury of six to hear the issues joined by the pleadings;

b. At the earliest possible time, give or allow Plaintiff to give notice to all persons who are presently or have at any time in the three years immediately preceding the filing of this action, up and through the date of the issuance of Court-supervised notice, been employed as non-exempt employees of UPS in Davidson County, Tennessee.  Such notice should inform them that this action has been filed, the nature of the action, and of their right to opt in to this action pursuant to 29 U.S.C. § 216(b);

c. Award Plaintiff and all similarly-situated employees damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages;

d. Award Plaintiff and all similarly-situated employees attorneys fees and costs;

e. Award Plaintiff and all similarly-situated employees prejudgment interest.

f. Award Plaintiff compensatory damages for defamation in an amount to be determined at trial, but not less than $50,000; and

g. Award Plaintiff punitive damages in an amount to be determined at trial, but not less than $100,000.

Respectfully submitted:

s/ Greg Oakley
Gregory H. Oakley (BPRN 16237)
104 Woodmont Boulevard, Suite 201
Nashville, Tennessee 37205
Tel: (615) 209-9814
Email: goakley@oakley-law.com

Counsel for Plaintiffs